United States District Court
Southern District of Texas
**ENTERED**
September 22, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ETHAN WADDELL, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-2656 |
| | § | |
| MIDLAND CREDIT MANAGEMENT, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER

On July 13, 2021, Plaintiff Ethan Waddell, Sr. ("Plaintiff") filed his Small Claims Petition ("Petition") in the Justice Court of Harris County, Texas, Precinct 5, Place 2.[1]  The Petition alleges:

> Defendant is a collection agency reporting unverified information on [Plaintiff's] credit report. [Plaintiff] ha[s] disputed several times with the credit bureaus in addition to writing letters to the defendant. Defendant refuses to send information proving legal right to collect despite multiple written attempts to validate the debt.  Yet continues to report the information on [Plaintiff's] credit report. This violates several laws on state and federal level.  Also it has prohibited [Plaintiff] from earning due to [his] professional occupation. This is a suit relating to account #302853XX in the amount of $977.00[.]

Id.

---

[1]Petition, Exhibit D-1 to Defendant's Notice of Removal, Docket Entry No. 1-4, p. 8.  All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

Defendant removed the action to this court on the basis of federal question jurisdiction on August 16, 2021.[2] Pending before the court is Defendant's Motion to Dismiss and Brief in Support ("Defendant's Motion") (Docket Entry No. 4). Although the motion was filed on August 20, 2021, Plaintiff has not responded to it. Having carefully considered Defendant's Motion, the court concludes that it should be granted.

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007)). Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when "the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.'" Nationwide Bi-Weekly Administration, Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Twombly, 127 S. Ct. at 1965, 1974). "This includes the basic requirement that the facts plausibly establish each required element for each legal claim.

---

[2]Defendant's Notice of Removal, Docket Entry No. 1, p. 2 ¶ 4.

However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action." <u>Coleman v. Sweetin,</u> 745 F.3d 756, 763-64 (5th Cir. 2014) (internal quotations and citations omitted).

Plaintiff does not cite any statute or any other source of federal law as a basis for his claims.[3]  Courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints. <u>Chhim v. University of Texas at Austin,</u> 836 F.3d 467, 469 (5th Cir. 2016). Applying this more lenient standard, the court concludes that Plaintiff may be attempting to assert claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); or both, as these are the statutes that provide private rights of action for plaintiffs pleading facts similar to those pled in Plaintiff's Petition. Nonetheless, "[Plaintiff] must still plead factual allegations that raise the right to relief above the speculative level." <u>See Chhim,</u> 836 F.3d at 469.

Plaintiff has failed to state sufficient facts that would establish Defendant as a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6). Accordingly, Plaintiff has failed to state a claim under the FDCPA. <u>See Brincks v. Taylor,</u> No. 4:01-CV-0260-Y, 2002 WL 63024, at *2 (N.D. Tex. Jan. 8, 2002) (holding that

---

[3] <u>See</u> Petition, Exhibit D-1 to Defendant's Notice of Removal, Docket Entry No. 1-4, p. 8.

plaintiff failed to allege facts establishing defendant as a debt collector because plaintiff did not allege that defendant's principal business purpose was debt collection, that defendant regularly collected or attempted to collect debts owed or due to "another," or that defendant attempted to conceal its identity by using an assumed name when collecting plaintiff's debt).

Plaintiff does not allege that the consumer reporting agencies notified Defendant of any alleged dispute, the basis of the alleged dispute, or what action Defendant should have taken but did not take with respect to the dispute. Plaintiff has therefore also failed to state a claim under the FCRA. See Finegan v. Chase Home Finance, LLC, Civ. Action No. 4:10-cv-04645, 2012 WL 444046, at *3-4 (S.D. Tex. Feb. 10, 2012) (setting forth the facts that a plaintiff must allege to state a claim for recovery under 15 U.S.C. § 1681s-2(b) and dismissing the case because the plaintiffs did not allege that the consumer reporting agencies notified the defendant of the dispute).

Plaintiff makes passing reference to violations of "several laws on [the] state . . . level[,]" but again cites no statute as a basis for his cause of action.[4] To the extent that Plaintiff may be asserting a state-law claim, the court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

---

[4] Id.

Accordingly, Defendant's Motion to Dismiss (Docket Entry No. 4) is **GRANTED**, and this action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 22nd day of September, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE